**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

W. STEPHEN SCOTT,
<u>Plaintiff-Appellant,</u>

v.                                                                                    No. 97-1285

U. S. TRUSTEE,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court for the
Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CA-96-57-C, BK-693-01681-WA3-7)

Argued: October 30, 1997

Decided: December 24, 1997

Before RUSSELL, NIEMEYER, and
WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Neal Lawrence Walters, GILLIAM, SCOTT &
KRONER, P.C., Charlottesville, Virginia, for Appellant. Bruce G.
Forrest, Appellate Staff, Civil Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON
BRIEF:** W. Stephen Scott, GILLIAM, SCOTT & KRONER, P.C.,
Charlottesville, Virginia, for Appellant. Martha L. Davis, General
Counsel, John L. Daugherty, Executive Office for U.S. Trustee;

James G. Cosby, Office of the U.S. Trustee, District of West Virginia; Frank W. Hunger, Assistant Attorney General, Michael Joseph Yamaguchi, United States Attorney, William Kanter, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

W. Stephen Scott, Trustee in Bankruptcy, appeals the district court's decision affirming the bankruptcy court's order sustaining the United States Trustee's objection to Scott's final Chapter 7 report and proposed distribution. We affirm.

In November 1993, Ernest Benjamin Allen, III (Debtor) filed a voluntary petition under Chapter 13 of the Bankruptcy Code. In October 1994, the case was converted to Chapter 7. At that time, Scott was appointed Chapter 7 trustee.

The primary asset of the Chapter 7 estate was real property located at 676 East Jefferson Drive, Palmyra, Fluvanna County, Virginia. The property was secured by a first lien deed of trust in favor of Comdial Charlottesville Federal Credit Union (Comdial) in the amount of $41,576.32. On December 8, 1994, Debtor filed a homestead deed claiming a homestead exemption of $6,998.00 for the land and improvements on the Palmyra property.

In January 1995, the fair market value of the property in an "as is" condition was estimated to be $67,500.00, an amount that would be sufficient to repay all outstanding debts related to the property and to reimburse any necessary expenses incurred in connection with a sale. In February 1995, Comdial and Scott decided to proceed with a public

2

auction of the Palmyra property. Scott took on the responsibility of organizing the auction. For his services, Scott expected a commission based upon the gross proceeds of the sale as well as reimbursement for out-of-pocket costs related to conducting the sale.

The public auction occurred in March 1995. Unfortunately, the sale yielded only $52,200.00. The proceeds of the sale were insufficient to repay in their entirety the outstanding secured debts on the property (Comdial's outstanding lien, past due real estate taxes, and homeowners' association fees), the Debtor's homestead exemption, and Scott's compensation and expenses. Nonetheless, the bankruptcy court authorized the sale free of lien in an order dated April 25, 1995.

Subsequently, Scott filed his final Chapter 7 trustee's report and proposed distribution wherein Comdial was fully compensated for its lien, taxes and fees were repaid, and Scott was fully reimbursed for his commission and expenses. Under Scott's proposed distribution, however, the debtor received only $4,466.17 of his $6,998.00 homestead exemption. The United States Trustee objected to the proposed distribution stating "the Debtor's homestead exemption should not be taken to fund the shortfall of the sale proceeds." (J.A. at 43.) The United States Trustee proffered an alternate distribution in which the debtor would receive a homestead exemption in the amount of $6,971.82 and Scott would collect neither his commission nor his expenses.

The bankruptcy court sustained the United States Trustee's objection. The court determined that Scott's commission and expenses resulting from his role in the public auction were administrative expenses, and, therefore, could not be claimed against exempt property. See 11 U.S.C.A. § 522(k) (West 1993) ("Property that the debtor exempts under this section is not liable for payment of any administrative expense . . . .").

Scott appealed the bankruptcy court's decision to the district court. The district court also ruled that the clear language of the bankruptcy code requires that a debtor's homestead exemption take precedence over the payment of administrative expenses.

Scott now appeals the district court's decision on the ground that the expenses he incurred are not administrative expenses, but are expenses cognizable under 11 U.S.C.A. § 506(c) (West 1993).* Additionally, Scott argues for the first time that the United States Trustee lacked standing to raise this objection in the bankruptcy court. We have carefully reviewed the record, briefs, and pertinent case law in this matter and we have had the benefit of oral argument. We conclude that the United States Trustee had standing. <u>See</u> 11 U.S.C.A. § 307 (West 1993) ("The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title . . . ."); <u>cf. United States Trustee v. Clark</u>, 927 F.2d 793, 796 (4th Cir. 1991) (noting that § 307 provides United States Trustees standing to pursue an appeal before this court). Further, we agree with the district court that the expenses claimed by Scott in this instance are administrative expenses and that the language of the bankruptcy code clearly precludes the use of exempt funds to pay administrative expenses. Accordingly, we affirm on the reasoning set forth in the district court's opinion. <u>See Scott v. United States Trustee</u>, C.A. No. 96-0057-C (W.D. Va. Jan. 15, 1997), <u>aff'g In re: Allen</u>, No. 93-01681-WA3-7 (Bankr. W.D. Va. July 1, 1996).

<u>AFFIRMED</u>

_____

*11 U.S.C.A. § 506(c) (West 1993) provides:"The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim."

4